IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| EUGENE MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:15-cv-00899-NJR |
| | ) | |
| GARY PERKINS, | ) | |
| LT. BAYLER, | ) | |
| LT. BOLDEY, and | ) | |
| NURSE ARBUCKLE, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Eugene Moore is currently incarcerated at the Menard Correctional Center in Menard, Illinois, but was previously incarcerated at the Lawrence Correctional Center in Sumner, Illinois. (Doc. 1 at 1 & 6.) Proceeding *pro se*, Moore has filed a civil rights action pursuant to 42 U.S.C. § 1983 against several prison staff. (*Id.*) According to Moore's complaint and the exhibits attached to it, Moore claims that Perkins applied excessive force to him, that two other guards failed to protect him from that force, that a nurse did not give him proper care related to injuries from that force, and that Perkins withheld mail and food after Moore filed a grievance against him. (*Id.* at 6 & 9-14.) Moore seeks money damages. (*Id.* at 7.)

This matter is now before the Court for a preliminary review of Moore's complaint pursuant to 28 U.S.C. § 1915A. Under 28 U.S.C. § 1915A, the Court shall review a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a government entity." During this preliminary review under § 1915A, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint," if

the complaint "is frivolous, malicious, or fails to state a claim on which relief may be granted" or if it "seeks monetary relief from a defendant who is immune from such relief."

## Background

While Moore's complaint is extremely difficult to read, as best the Court can tell, Moore was housed at the Lawrence Correctional Center's segregation unit as of August 30, 2013, when he had an altercation with Corrections Officer Perkins. (*Id.* at 6.) On that day, Perkins cuffed Moore's wrist to the outside door handle of his segregation cell for "hours" after Moore stuck his hand through the food tray hole to protest the amount of food given to inmates. (*Id.* at 6 & 9-12.) At one point that day, Lieutenant Bayler and Lieutenant Boldey came to Moore's cell and spoke with Moore, yet did not remove the handcuffs or perform their duties "professionally" or consistent with Illinois Department of Corrections protocols. (*Id.* at 2, 6, 9-12.). Nurse Arbuckle was also summoned to Moore's cell shortly after his handcuffs were removed, but did not give him "proper medical care," instead telling him "that's what you get." (*Id.* at 3 & 6.)

Moore filed grievances concerning what transpired on August 30, an act that purportedly led Perkins to direct crass language at Moore and to withhold some of his mail and some of his food. (*See id.* at 6 & 13-14.) Unsatisfied with the prison's response to his grievances, Moore filed a § 1983 complaint in this Court on August 13, 2015. (*Id.* at 1.)

## Discussion

To facilitate the management of future proceedings, and in accordance with the objectives of Federal Rules of Civil Procedure 8 and 10, the Court finds it appropriate to break the claims in Moore's *pro se* complaint into numbered counts, as shown below. The parties and the Court will use these designations in all pleadings and orders, unless otherwise directed by the Court. The designation of these counts does not constitute an opinion as to their merit.

> **COUNT 1:** Officer Perkins applied excessive force to Moore on August 30, 2013, in violation of Moore's Eighth Amendment rights.
>
> **COUNT 2:** Boldey and Bayler failed to protect Moore from Perkins's application of excessive force, in violation of Moore's Eighth Amendment rights.
>
> **COUNT 3:** Boldey and Bayler failed to abide by internal rules concerning Moore's excessive force incident, in violation of Moore's rights.
>
> **COUNT 4:** Nurse Arbuckle failed to provide appropriate treatment for Moore's injuries, in violation of Moore's Eighth Amendment rights.
>
> **COUNT 5:** Perkins called Moore an inappropriate name, refused to provide Moore with some of his mail, and did not provide Moore with some of his meals, in violation of Moore's First and Eighth Amendment rights.

Moore's complaint focuses primarily on excessive force, so the Court will start there (**Count 1**). To put forth an excessive force claim, a prisoner must show that an assault occurred and that it was "carried out maliciously and sadistically, rather than as part of a good-faith effort to maintain or restore discipline." *Wilkins v. Gaddy*, 559 U.S. 34, 37-38 (2010). Critically, not "every malevolent touch by a prison guard gives rise to a federal cause of action" – an inmate who complains of a "'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim." *Id.* (*quoting Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973)). Here, looking to Moore's complaint and the exhibits attached to it, Moore claims that Perkins cuffed his wrist so tightly that it cut off his circulation and left him in this condition for hours. While the grievance attached to Moore's complaint indicates that Perkins may have done this because Moore put his hand through the hole in the door, there is just enough to suggest that some aspects of this force may have been applied in a malicious fashion, meaning that this claim cannot be dismissed at the screening stage. As such, **Count 1** may proceed as to Perkins.

Moore also claims that Boldey and Bayler violated his rights shortly after Perkins handcuffed him by not protecting him from Perkins's handcuff-related abuse (**Count 2**). To state

a failure to protect claim, a prisoner must allege that an officer was present during the application of excessive force and had "reason to know" that "excessive force was being used" or that a "constitutional violation has been committed," and that the officer "had a realistic opportunity to intervene to protect the harm from occurring." *Chavez v. Ill. State Police*, 251 F.3d 612, 652 (7th Cir. 2001). While it is a close case, when the Court construes Moore's complaint in a liberal fashion, Moore has alleged that Boldey and Bayler observed his handcuff restraints on the day in question yet did nothing, and that is just enough to state an arguable claim for purposes of screening review. Accordingly, **Count 2** may proceed as to Lieutenants Boldey and Bayler.

Moore goes on to allege that Boldey and Bailey did not act in a professional fashion and did not follow internal prison rules when they were summoned to Moore's cell after Perkins handcuffed him to the door, in violation of Moore's constitutional rights (**Count 3**). This claim must be set aside at the gate, as the "failure" of prison officials "to follow state administrative rules" is not a violation, in and of itself, of one's constitutional rights. *See Fuller v. Dillon*, 236 F.3d 876, 880 (7th Cir. 2001). As such, **Count 3** must be dismissed without prejudice.

Moore next claims that Nurse Arbuckle was deliberately indifferent to his medical needs when she was summoned to his cell to treat his handcuff-related injuries (**Count 4**). To state a medical claim under the Eighth Amendment, a plaintiff must first show that his condition "was objectively serious," and must then demonstrate that officials acted with the requisite intent towards that condition. *Sherrod v. Lingle*, 223 F.3d 605, 610 (7th Cir. 2000). For screening purposes, Moore's claim passes the objective hurdle – he says that he was handcuffed so tightly that he suffered bruising and a loss of blood flow, and given the context that is sufficient to put forth an arguably serious condition. *See Cooper v. Casey*, 97 F.3d 914, 916-17 (7th Cir. 1996) (cellmate's cuts, severe muscular pain, and eye and skin irritation from beating could qualify as a

serious medical condition). Moore's claim also passes the subjective hurdle – he says that Arbuckle gave him no real care for his handcuff-related injuries, and that is just enough to put forth arguable deliberate indifference, at least at screening. *See*, *e.g.*, *Perez v. Fenoglio*, 792 F.3d 768, 780 (7th Cir. 2015) (failure to "provide adequate medical treatment" can constitute indifference); *Chapman v. Keitner*, 241 F.3d 842, 845-46 (7th Cir. 2001) (indifference can "arise by a failure to provide prompt treatment"). Accordingly, **Count 4** may proceed as to Arbuckle.

As his final claim, Moore says that Perkins refused to provide him with some of his meals, did not give him his mail, and directed inappropriate language at him – all in an effort to retaliate against Moore for Moore's decision to pursue a grievance (**Count 5**). The mail and meal allegations state arguable violations of the First Amendment and the Eighth Amendment. The crass language aspect of Moore's claim must be set aside at screening, however, because a prison guard's use of inappropriate language alone does not violate the United States Constitution. *See*, *e.g.*, *Antoine v. Uchtman*, 275 F. App'x 539, 541 (7th Cir. 2008) (flagging that the "Constitution does not compel guards to address prisoners in a civil tone using polite language," and finding that verbal harassment was insufficient to state a retaliation claim); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws."). So **Count 5** may proceed to the extent it raises denial of mail and meal allegations, but must be dismissed as to the improper language allegations.

### Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** shall **PROCEED** against **PERKINS**.

**IT IS FURTHER ORDERED** that **COUNT 2** shall **PROCEED** against **BAYLER** and **BOLDEY**.

**IT IS FURTHER ORDERED** that **COUNT 3** is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that **COUNT 4** shall **PROCEED** against **ARBUCKLE**.

**IT IS FURTHER ORDERED** that **COUNT 5** shall **PROCEED** against **PERKINS** to the extent it raises allegations concerning the denial of mail and meals. **COUNT 5** is **DISMISSED without prejudice** to the extent it raises claims concerning improper language.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendants **PERKINS**, **BAYLER**, **BOLDEY**, and **ARBUCKLE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered) a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed

a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for consideration.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under § 1915 for leave to commence this action without being required to prepay fees and costs, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: September 8, 2015**

_____
    **NANCY J. ROSENSTENGEL**
    **United States District Judge**