IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EUGENE MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:15-cv-899-NJR-DGW |
| | ) |
| GARY PERKINS, LT. BAYLER, LT. BOLDEY, and NURSE ARBUCKLE, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Nancy J. Rosenstengel pursuant to 28 U.S. C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Motion to Dismiss for Lack of Prosecution (Doc. 36) and Motion to Stay (Doc. 38) filed by Defendants Lt. Bayler, Lt. Boldey, and Gary Perkins. For the reasons set forth below, it is **RECOMMENDED** that the Motion to Dismiss be **GRANTED** and the Motion to Stay be **FOUND AS MOOT**, and that the Court adopt the following findings of fact and conclusions of law.

### FINDINGS OF FACT

Plaintiff Eugene Moore, a former inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit on August 13, 2015 pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Lawrence Correctional Center ("Lawrence"). More specifically, Plaintiff alleges that while he was at Lawrence Defendant

Perkins cuffed his wrist to the outside door handle of his cell for hours and, when Defendants Bayler and Boldey later came by the cell, they failed to remove his handcuffs. Plaintiff also alleges that Defendant Nurse Arbuckle came to his cell shortly after his handcuffs were removed, but did not provide him with "proper medical care." After an initial screening of Plaintiff's complaint pursuant to 28 U.S.C. §1915A, Plaintiff was allowed to proceed on the following claims:

> Count One: Defendant Officer Perkins applied excessive force to Plaintiff on August 30, 2013, in violation of Plaintiff's Eighth Amendment rights.
>
> Count Two: Defendants Lt. Boldey and Lt. Bayler failed to protect Plaintiff from Defendant Perkins's application of excessive force, in violation of Plaintiff's Eighth Amendment rights.
>
> Count Four: Defendant Nurse Arbuckle failed to provide appropriate treatment for Plaintiff's injuries, in violation of Plaintiff's Eighth Amendment rights.
>
> Count Five: Defendant Perkins refused to provide Plaintiff with some of his mail, and did not provide Plaintiff with some of his meals, in violation of Plaintiff's First and Eighth Amendment rights.

On February 8, 2016, Defendants Bayler, Boldey, and Perkins sought an order of this Court compelling Plaintiff to respond to Defendants' first set of interrogatories and requests for production of documents related to the issue of exhaustion of administrative remedies (*See* Doc. 29). The Court granted Defendants' motion on March 23, 2016 and ordered Plaintiff to respond to Defendants' written discovery requests by April 8, 2016 (*See* Doc. 31). The undersigned warned Plaintiff "that his failure to provide said responses may result in dismissal of this lawsuit for failure to prosecute" (*Id.*).

On May 5, 2016, Defendants Bayler, Boldey, and Perkins filed the motion to dismiss now before the Court asserting that this matter should be dismissed due to Plaintiff's failure to

prosecute this action and abide by the Court's order. In particular, Defendants assert that Plaintiff has not responded to their December 14, 2015 discovery requests, despite being ordered to do so. Plaintiff did not file a response to Defendants' motion despite being provided ample time and opportunity.

## CONCLUSIONS OF LAW

Federal Rule of Civil Procedure 41(b) provides for involuntary dismissal of an action for failure to prosecute an action or to comply with court orders. Pursuant to Rule 41(b), an action may be dismissed "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003) (quoting *Williams v. Chicago Bd. Of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998) (other citations omitted). The Seventh Circuit has identified several factors a court should consider before entering an involuntary dismissal, including:

> the frequency of the plaintiff's failure to comply with deadlines; whether the responsibility for mistakes is attributable to the plaintiff herself or to the plaintiff's lawyer; the effect of the mistakes on the judge's calendar; the prejudice that the delay caused to the defendant; the merit of the suit; and the consequences of dismissal for the social objectives that the litigation represents. *Aura Lamp & Lighting Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003).

Though dismissal is left up to the discretion of District Courts, said Courts are strongly encouraged to provide an explicit warning before a case is dismissed; especially where the litigant is *pro se*. *Fischer v. Cingular Wireless, LLC*, 446 F.3d 663, 665 (7th Cir. 2006); *see also In re Bluestein & Co.*, 68 F.3d 1022, 1025 (7th Cir. 1995).

Based on a review of the record and upon consideration of the applicable law, it is recommended that this action should be dismissed for failure to prosecute. First, Plaintiff has

exhibited disregard for court orders. In particular, Plaintiff was ordered to respond to Defendant Bayler, Boldey, and Perkins' written discovery requests regarding the issues of exhaustion of administrative remedies by April 8, 2016. Defendants assert, and Plaintiff has not contradicted their assertion, that Plaintiff wholly failed to respond to their discovery requests, in contravention of the Court's Order. As such, Defendants have been unable to file a dispositive motion on the issue of exhaustion by the Court's deadline of May 20, 2016. Further, the Court's records indicate that Plaintiff has failed to pay his initial partial filing fee of $19.62, despite being ordered to do so by May 6, 2016 (*See* Doc. 32). Indeed, the Court's records indicate that Plaintiff has not yet made any payments toward his filing fee in this case (*See* Exhibit A).

    The Court finds that Plaintiff's failure to provide discovery responses for approximately six months and failure to abide by the Court's order to do so, demonstrates a clear record of delay and contumacious conduct. While the Court acknowledges that Plaintiff is no longer incarcerated and has been paroled since September, 2015, such circumstance does not excuse his failure to prosecute this matter. Importantly, Plaintiff has made no motion before the Court to extend his time to respond to Defendants' written discovery requests or pay his initial partial filing fee. Indeed, the Court has not received any filings from Plaintiff regarding this matter since November 5, 2015 (*See* Doc. 23). Further, there is no indication that any of the Court's mailings have been returned as undeliverable (and such circumstance would not necessarily relieve Plaintiff of his duties with respect to responding to Defendant's discovery requests or complying with this Court's orders). Due to Plaintiff's abject failure to engage in any discovery with Defendants and follow this Court's order compelling him to provide discovery responses, the Court finds that Defendants would be prejudiced if this matter were to proceed at this point. While the Court notes that there

are lesser sanctions available, such sanctions would be unavailing as it appears that Plaintiff has lost interest in litigating this matter and proceeding further would only prejudice Defendants who would be obligated to expend significant resources to continue litigating this matter without any discovery from Plaintiff.

For the above-mentioned reasons, and after consideration of the relevant factors cited by the Seventh Circuit regarding involuntary dismissal, the Court finds that there has been a clear record of delay and contumacious conduct in this matter and dismissal is warranted pursuant to Rule 41(b).

## RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that Defendant Bayler, Boldey, and Perkins' Motion to Dismiss (Doc. 36) be **GRANTED** and the Motion to Stay filed by Defendants Bayler, Boldey, and Perkins (Doc. 38) be **FOUND AS MOOT**; that this matter be **DISMISSED WITH PREJUDICE**; and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: July 13, 2016**

**DONALD G. WILKERSON**
**United States Magistrate Judge**