IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EUGENE MOORE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 15-CV-899-NJR-DGW |
| | ) |
| GARY PERKINS, LT. BAYLER, LT. | ) |
| BOLDEY, and NURSE ARBUCKLE, | ) |
| | ) |
|     Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 39), which recommends granting Defendants' Motion to Dismiss (Doc. 36), denying as moot Defendants' Motion to Stay (Doc. 38), and dismissing this case with prejudice pursuant to Rule 41(b).

Plaintiff Eugene Moore ("Moore"), a former inmate in the Illinois Department of Corrections, filed this *pro se* lawsuit pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated while he was incarcerated at Lawrence Correctional Center. After an initial screening of Moore's complaint pursuant to 28 U.S.C. § 1915A, Moore was allowed to proceed on the following counts against Defendants Gary Perkins, Randall Bayler, Robert Boldrey, and Nurse Arbuckle:[1]

> **Count One**: Defendant Perkins applied excessive force to Moore on August 30, 2013, in violation of Moore's Eighth Amendment rights.

---

[1] The Clerk's Office is **DIRECTED** to update the docket sheet to reflect the true and accurate names of the following defendants: "Lt. Bayler" should be "Randall Bayler," and "Lt. Boldey" should be "Robert Boldrey."

**Count Two**: Defendants Boldrey and Bayler failed to protect Moore from Defendant Perkin's application of excessive force, in violation of Moore's Eighth Amendment rights.

**Count Four**: Defendant Nurse Arbuckle failed to provide appropriate treatment for Moore's injuries, in violation of Plaintiff's Eighth Amendment rights.

**Count Five**: Defendant Perkins refused to provide Moore with some of his mail, and did not provide Moore with some of his meals, in violation of Moore's First and Eighth Amendment rights.

(Doc. 7, p. 2-5). On February 8, 2016, Defendants Bayler, Boldrey and Perkins filed a motion to compel, asking the Court to compel Moore to respond to Defendants' first set of interrogatories and requests for production of documents related to the issue of exhaustion of administrative remedies (Doc. 29). On March 23, 2016, Magistrate Judge Donald Wilkerson granted Defendants' motion to compel and ordered Moore to respond to Defendants' written discovery requests by April 8, 2016 (Doc. 31). Magistrate Judge Wilkerson warned Moore "that his failure to provide said responses may result in dismissal of this lawsuit for failure to prosecute" (*Id*.).

On May 5, 2016, Defendants Bayler, Boldrey, and Perkins filed a Motion to Dismiss (Doc. 36) asserting that the case should be dismissed due to Moore's failure to prosecute this action and comply with the Court's order. Defendants Bayler, Boldrey, and Perkins aver that Moore has failed to respond to their written discovery requests, despite being ordered by Magistrate Judge Wilkerson to do so. Moore did not file a response in opposition to Defendants' motion. Defendants Bayler, Boldrey, and Perkins also filed a Motion to Stay Discovery (Doc. 38) pending a ruling on the Motion to Dismiss.

On July 13, 2016, Magistrate Judge Wilkerson issued the Report and Recommendation currently before the Court (Doc. 39), recommending dismissal of the case for failure to prosecute pursuant to Rule 41(b). Objections to the Report and Recommendation were due on or before August 1, 2016. *See* 28 U.S.C. § 626(b)(1); FED. R. CIV. P. 72(b)(2); SDIL-LR73.1(b). Moore did not file an objection.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). Where neither timely nor specific objections to the Report and Recommendation are made, however, this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). A judge may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court has reviewed Magistrate Judge Wilkerson's Report and Recommendation for clear error. Following this review, the Court fully agrees with the findings, analysis, and conclusions of Magistrate Judge Wilkerson. Moore has failed to provide discovery responses despite Magistrate Judge Wilkerson's order to do so and despite being warned that such failure may result in dismissal of the lawsuit. Moore has also failed to respond to Defendants' motion to dismiss and has failed to object to Magistrate Judge Wilkerson's Report and Recommendation recommending dismissal. It

appears that Moore has lost interest in litigating this case and this case should be dismissed for failure to prosecute pursuant. Accordingly, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 39) in its entirety, **GRANTS** Defendants' Motion to Dismiss (Doc. 36), and **DENIES as moot** Defendants' Motion to Stay (Doc. 38). This case is **DISMISSED with prejudice** for failure to prosecute pursuant to Rule 41(b). Judgment will be entered accordingly.

    **IT IS SO ORDERED.**

    **DATED:   August 12, 2016**

    s/_Nancy J. Rosenstengel_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**